630 So.2d 1197 (1994)
SPANCRETE, INC., Appellant,
v.
RONALD E. FRAZIER & ASSOCIATES, P.A., Appellee.
No. 92-1470.
District Court of Appeal of Florida, Third District.
January 18, 1994.
Fowler, White, Burnett, Hurley, Banick & Strickroot, Steven E. Stark and Christopher L. Kurzner, Miami, for appellant.
George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Coral Gables, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
COPE, Judge.
Spancrete, Inc., appeals the dismissal with prejudice of its fourth amended complaint against the appellee architects, Ronald E. Frazier & Associates, P.A. We affirm.
Spancrete was a subcontractor on a construction project for Miami Dade Community College. Frazier was consultant architect. Spancrete brought suit against Frazier, alleging that Frazier was a supervising architect and that Spancrete had been injured by Frazier's alleged negligent supervision.
During the pendency of this appeal, the Florida Supreme Court decided Casa Clara Condominium Association, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla. 1993). There the court said, "We ... limit A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973), strictly to its facts." Id. at 1248 n. 9 (citing AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla. 1987); Sandarac Ass'n, Inc. v. W.R. Frizzell Architects, Inc., 609 So.2d 1349 (Fla. 2d DCA 1992), review denied, 626 So.2d 207 (Fla. 1993); E.C. Goldman, Inc. v. A/R/C Associates, Inc., 543 So.2d 1268 (Fla. 5th DCA), review denied, 551 So.2d 461 (Fla. 1989)). A.R. Moyer is the leading case governing the liability of a supervising architect.
*1198 Assuming arguendo that Frazier is a supervising architect within the meaning of A.R. Moyer,[*] Spancrete has no cause of action. A.R. Moyer recognizes a duty of care owed by a supervising architect to a general contractor. 285 So.2d at 398, 402. Spancrete in this case is a subcontractor. Because A.R. Moyer has been confined strictly to its facts, the duty of care there recognized does not extend to a subcontractor. See McElvy, Jennewein, Stefany, Howard, Inc. v. Arlington Elec., Inc., 582 So.2d 47, 49 (Fla. 2d DCA), cause dismissed, 587 So.2d 1327 (Fla. 1991).
We find no merit to Spancrete's alternative argument under Restatement (Second) of Torts section 552 (1977).
We need not reach Frazier's alternative arguments for affirmance.
Affirmed.
BASKIN, J., concurs.
GERSTEN, Judge (specially concurring).
I agree with the majority's result based upon the following analysis. In its fourth amended complaint, Spancrete, Inc., a subcontractor, sought recovery from Frazier, an architect, on a negligence theory for economic losses resulting from change orders in the construction project. The complaint alleged that Frazier was the supervising architect on the project.
Since the supreme court's decision in Casa Clara Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla. 1993), a narrow exception to the economic loss rule remains in effect for supervising architects who are not in privity of contract. In A.R. Moyer, Inc. v. Graham, 285 So.2d 397, 402 (Fla. 1973), the court held that a general contractor had a cause of action for the alleged negligent supervisory performance by an architect. In Moyer, the contractor was neither a party to the contract with the architect, nor an intended third party beneficiary of the architect's contract. The decision was based on the fact that the supervisory responsibilities vested in the architect carried with it a concurrent duty not to injure foreseeable parties who were not beneficiaries of the contract. See AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180, 181 (Fla. 1987). However, the court in Casa Clara limited Moyer strictly to its facts. Casa Clara, 620 So.2d at 1248 n. 3.
Moreover, in McElvy, Jennewein, Stefany, Howard, Inc. v. Arlington Elec., Inc., 582 So.2d 47 (Fla. 2d DCA), cause dismissed, 587 So.2d 1327 (Fla. 1991), the court refused to extend Moyer to a nonsupervising architect sued by a subcontractor. Here, as in Arlington Elec., Inc., the subcontractor, not the general contractor or the owner, sued the architect. In this case, the trial court properly dismissed the case with prejudice because the economic loss rule does not recognize a protected interest in purely economic loss unaccompanied by personal injury or property damage. Casa Clara; see also Sandarac Ass'n, Inc. v. W.R. Frizzell Architects, Inc., 609 So.2d 1349 (Fla. 2d DCA 1992) (condo associations do not have remedy in negligence against general contractors and architects for economic losses arising from defective construction), review denied, 626 So.2d 207 (Fla. 1993).
As explained in Casa Clara, "[i]f a house [or service rendered] causes economic disappointment by not meeting a purchaser's expectations, the resulting failure to receive the benefit of the bargain is a core concern of contract, not tort, law." 620 So.2d at 1247. Here, although the subcontractor alleged that the parties had at least an oral contract, it did not allege a breach of contract theory as a separate count in the complaint. However, *1199 even if the subcontractor had alleged a separate count for breach of contract, under a contract theory, the subcontractor failed to specifically plead the terms of the contract.
As an action progresses, the privilege of amendment decreases to the point that the trial judge does not abuse its discretion in dismissing with prejudice. Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992). While there is no magical number of amendments which are permitted, a dismissal with prejudice after the third attempt is not an abuse of discretion. Id.
Because the subcontractor failed to state a cause of action under both tort and contract theories after his fourth amended complaint, the trial court properly dismissed the complaint with prejudice and, therefore, I would affirm.
NOTES
[*] A.R. Moyer emphasized the fact that the supervising architect had the power to stop work. 285 So.2d at 400-02. The present contract is American Institute of Architects Document A201, "General Conditions of the Contract for Construction," 1976 edition. Under that contract, the architect does not have the right to stop work; that power is reserved to the owner. I National Institute of Construction Law, Inc., Construction & Design Law § 4.6c.2d (1991). Although the architect has the power to reject work and has other contract administration powers, the architect does not have the right to control or supervise the contractor and subcontractors. See generally id. §§ 4.6c.2c-4.6c.2d. Given that A.R. Moyer is to be confined strictly to its facts, it would appear that Frazier does not qualify as a supervising architect within the meaning of A.R. Moyer.